ORIGINAL

IFP
NP

FILED

2008 MAY 29 A 9 46

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

1  COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

3  Name  Graham Jr., Otto  W.
       (Last)        (First)        (Initial)

5  Prisoner Number  D-26955

6  Institutional Address  Correctional Training Facility, Y Wing, 237
7  P.O. Box 689, Soledad, CA 93960

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

OTTO Wade Graham Jr
(Enter the full name of plaintiff in this action.)

vs.

MARIA LOPEZ ; S.A. DETLEFSEN;
DOES 1 through 10 (Classification
Committee)

(Enter the full name of the defendant(s) in this action)

Case No. C08 02697 WHA
(To be provided by the clerk of court)

COMPLAINT UNDER THE
CIVIL RIGHTS ACT,
42 U.S.C §§ 1983

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.   Exhaustion of Administrative Remedies

     [**Note:** You must exhaust your administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.]

     A.   Place of present confinement  CTF

     B.   Is there a grievance procedure in this institution?
          YES (X)     NO ( )

     C.   Did you present the facts in your complaint for review through the grievance procedure?
          YES (X)     NO ( )

     D.   If your answer is YES, list the appeal number and the date and result of the appeal at

COMPLAINT                              - 1 -

each level of review. If you did not pursue a certain level of appeal, explain why.

1. Informal appeal _(Informal Level was bypassed)_

2. First formal level _Appeal No. 06-02769, September 17, 2006_

3. Second formal level _Appeal No. 06-02769, December 1, 2006_

4. Third formal level _Appeal No. 06-02769, March 16, 2007_

E. Is the last level to which you appealed the highest level of appeal available to you?
YES (X)   NO ( )

F. If you did not present your claim for review through the grievance procedure, explain why. _____

II. Parties

A. Write your name and your present address. Do the same for additional plaintiffs, if any.
_Otto W. Graham Jr. D-26955, P.O. Box 689, Y237 Low_

B. Write the full name of each defendant, his or her official position, and his or her place of employment.
_Maria Lopez, Correctional Officer (c/o); S.A. Detlefsen, Correctional Lieutenant; Does 1-10 (Classification Committee)_

COMPLAINT                     - 2 -


III. Statement of Claim

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

(See "Statement of Facts" attached hereto this Complaint.)

IV. Relief

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

I  For compensatory damages against all defendants in an amount proven at trial;
II  For punitive damage against all defendant in an amount proven at trial;
III  For costs of suit herein, including Plaintiff's reasonable attorney's fees; and
IV  For such other and further relief as the court deems proper.

COMPLAINT                     - 3 -

1
2
3
4      I declare under penalty of perjury that the foregoing is true and correct.
5
6      Signed this ___16th___ day of ___May___, 20_08_
7
8                              _____
9                                    (Plaintiff's signature)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT                      - 4 -

Statement of Facts

1. On August 7, 2006, Defendant LOPEZ handed (2) pieces of mail belonging to Plaintiff, to inmates in cell 136, in a section called "Shasta Hall-B Section." The inmates were Walker and Brumfield. Plaintiff resided in Cell 134 of the same section.

2. After Defendant LOPEZ encounter with the inmates in Cell 136 -- one of them (Walker) sent Plaintiff a note explaining that Defendant LOPEZ had attempted to give him (Walker) and his callmate (Brumfield) Plaintiff's mail.

3. Upon notice of this fact, Plaintiff contacted Defendant LOPEZ in an effort to resolve the matter. However, Defendant LOPEZ refused to talk to Plaintiff. Plaintiff attempted to obtain his mail through third-party intervention, that is, through the assistance of Morano (Correctional Officer). Morano told Plaintiff he was "on his own" and that he (Morano) had nothing to do with it.

4. Plaintiff filed an administrative appeal (CDC&R 602) on August 10, 2006, against Defendant LOPEZ because of the mail that Plaintiff never received. Plaintiff alleges that Defendant LOPEZ threw Plaintiff's mail away. Plaintiff submitted a 602 to all (3) levels of review alleging that Defendant LOPEZ threw his mail away. And Plaintiff requested that he be not retaliated against for making the allegations against Defendant LOPEZ.

5. Despite the fact that Plaintiff asked not to be retaliated against, that is in fact, what happen (although the Department assured Plaintiff that he would suffer no reprisal). On September 18, 2006, Plaintiff filed a 602 against Defendant LOPEZ for removing food items (peanut butter, etc.) from his cell: items that he was authorized to possess. On October 9, 2006, T. Lamson granted Plaintiff's request to have his items returned.

6. On the morning of December 21, 2006, while Plaintiff was walking to the dining hall, he had noticed that Defendant LOPEZ was staring at him intently.

1

1  Plaintiff returned the stare to Defendant LOPEZ. After a few moments, c/o
2  Moreno asked Plaintiff a question of which Plaintiff responded negatively.
3  (Plaintiff was looking into the eyes of Defendant LOPEZ at the time he gave the
4  response to c/o Moreno.)
5    7. After Plaintiff responded to c/o Moreno, he started toward the
6  front door of the unit, headed to the messhall. Defendant LOPEZ stopped
7  Plaintiff. Plaintiff informed Defendant LOPEZ that he had not said anything
8  to her, and then started to walk away. C/o Moreno stopped Plaintiff and
9  inquired into his statement. Plaintiff told c/o Moreno that he knew what
10 she (Defendant LOPEZ) did and Plaintiff (angry from much touting by
11 Defendant LOPEZ) stated "and that dog-mouth bitch is going to remember
12 me for the rest of her life."
13   8. C/o Moreno inquired into what Plaintiff was going to do. Plaintiff
14 stated "the court will talk for me." C/o Moreno, in turn went outside and
15 returened with Sergeant ("Sgt.") Bennett. Sgt. Bennett questioned
16 Plaintiff by asking what happened. Plaintiff informed Sgt. Bennett that, as
17 he was walking to the gate for breakfast, he had noticed Defendant LOPEZ
18 staring at him.
19   9. The gate was closed -- delaying the chow release process to Plaintiff
20 and those in his housing unit. And during this delay, Plaintiff returned the
21 stare that Defendant LOPEZ had been giving him.
22   10. Sgt. Bennett then asked Plaintiff what did he mean by his statement that
23 Defendant LOPEZ will "remember me for the rest of her life," and Plaintiff replied
24 that he was going to see to it that Defendant LOPEZ be charged for throwing his
25 mail away. And that she will remember Plaintiff's name for the rest of her life.
26   11. Although Plaintiff posed no threat -- by evidence of Sgt. Bennett's
27 statement, he was taken to Ad. Seg. on December 21, 2006, for threatening
28

2

1  staff. (Sgt. Bennett opined that Plaintiff's "Facial and body impression appeared to me as controlled anger.")

12. On January 2, 2007, Plaintiff was informed that an investigation is in the D.A.'s hand. On March 28, 2007, CTF was informed by letter that the D.A. would not prosecute the matter.

13. It wasn't until May 18, 2007 -- a day after Plaintiff demanded a hearing on the Rules Violation Report authored by Defendant LOPEZ (commonly known as a "CDC 115") -- that Plaintiff descovered that the D.A. declined prosecution. On June 3, 2007, Plaintiff was found guilty of the charges stated in the 115. On June 7, 2007, ICC (Institutional Classification Committee) order Plaintiff released to general population.

14. Plaintiff suffered retaliation for the exercise of his right to use the grievance process: a right afforded by statute in section 3084.1(a) of the California Code of Regulations title 15 ("CCR"). And the retaliation occurred even after Plaintiff specifically requested that he dosen't suffer no reprisal; and although he was assured he would not suffer reprisal (by the fact that he received a partial grant in response to his 602.

15. Plaintiff has a First Amendment Right not to be subjected to retaliation for grieving and initiating litigation against the CDCR and/or employees thereof.

16. Moreover, the Defendant went as far as to extemporize/embellish what was -- at best -- a disrespect of staff issue (CCR § 3005, i.e., "use of vulgar or obscene language" -- CCR § 3314(a)(3)(I).)

17. The use of vulgar or obscene language shall be classified as "Administrative" -- carrying a consequence of credit forfeiture in the range of 0 to 30 days. And even if the violation was classified as "Serious" (as enumerated in CCR 3315) the credit forfeiture rang would be the same (0 to 30 days) absent the commission of a crime. (See CCR § 3323(h)(3).)

18. Plaintiff suffered a First Amendment infringement based on a grievance

1 stemming, fundamentally, from the destruction of his mail.

19. In furtherance of the scheme of retaliation, the Defendants willfully, and with intent to deceive, so as to justify confining Plaintiff in Ad. Seg., elevating a conduct issue, in its simplest form, into a "Threat to Public Official" charge.

20. The Defendants knew from the beginning that such a grave offense would, in no way, be substantiated. Defendant S.A. DETLEFSEN (Facility Lieutenant) ordered Plaintiff to be locked-up in Ad. Seg. The Classification Committees, identified as DOES 1 through 10 are responsible for acts ranging from falsely charging Plaintiff with "Threat to Public Official" to perpetuating an illegal period of confinement in Ad. Seg.

21. The Defendants knew as early as March 28, 2007, that the D.A. did not want to pursue the patently frivolous Threat to Public Official charge. However, the Defendants kept Plaintiff confined in Ad. Seg. until June 6, 2007. There was no attempt on the part of Defendants at any time, to ascertain the truth about the handling of Plaintiff's mail by Defendant LOPEZ.

4

# PROOF OF SERVICE BY MAIL
## BY PERSON IN STATE CUSTODY
(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

C 08 02697 WHA

2008 MAY 29 A 9 46

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

I, __Otto Graham, Jr.__, declare:

I am over 18 years of age and a party to this action. I am a resident of __Y Wing, 237 Low,__ __CTF,__ Prison, in the county of __Monterey__, State of California. My prison address is: __(same as above)__.

On __May 26, 2008__ (DATE),

I served the attached: __Civil Complaint § 1983__
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __May 26, 2008__ (DATE)   __Otto W. Graham Jr.__ (DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)

::ODMA\PCDOCS\WORDPERFECT\22832\1

-9-